# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1895 | **DATE** | 7/1/2004 |
| **CASE TITLE** | Benzanta Vanzant vs. Terry McCann | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, respondent's motion to dismiss [#21] is granted. Petitioner's petition for writ of habeas corpus is hereby dismissed and case is terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 4 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 6 2004 | |
| | Notified counsel by telephone. | | date docketed | 35 |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | GMP | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 JUL -2 PM 4:43 | 7/1/2004 | |
| | | | date mailed notice | |
| MD | courtroom deputy's initials | FILED | MD | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. BENZANTA VANZANT, ) ) ) | |
| Petitioner, ) ) ) | |
| vs. ) ) | No. 03 C 1895 Judge Joan H. Lefkow |
| TERRY McCANN, Warden, Shawnee Correctional Center, ) ) ) ) ) | |
| Respondent. ) | DOCKETED JUL 6 - 2004 |

## MEMORANDUM OPINION AND ORDER

Petitioner, Benzanta Vanzant ("Vanzant"), has petitioned this court for a writ of habeas corpus under 28 U.S.C. § 2254. Before the court is respondent's motion to dismiss the petition as untimely pursuant to 28 U.S.C. § 2244(d)(1), enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). For the reasons set forth below, the motion is granted.

## BACKGROUND

On May 1, 1981, following a jury trial in the Circuit Court of Cook County, Illinois, Vanzant was convicted of murder and armed robbery and was sentenced to concurrent prison terms of 80 years and 30 years, respectively. Vanzant appealed his conviction and sentence to the Illinois Appellate Court, where he raised two claims for review: (1) that he was prejudiced by evidence presented by the state proving an alibi for the person petitioner identified as the killer; and (2) that he was improperly sentenced to an extended term for murder. In an unpublished order dated October 26, 1982, the appellate court affirmed Vanzant's conviction and sentences.

Vanzant failed to file a petition for leave to appeal the appellate court's decision to the Illinois Supreme Court. Vanzant then filed the same post-conviction petition before two different Cook County Circuit Court judges. The judges dismissed both of the petitions. Vanzant then filed separate appeals from each dismissal. In both cases, the Illinois Appellate court affirmed the circuit court's judgment. Vanzant failed to file a petition for leave to appeal from either of the appellate court orders affirming the denial of post-conviction relief.

On November 7, 1997, Vanzant filed a state habeas corpus petition before the Circuit Court of Cook County. The circuit court dismissed the petition as patently without merit on January 13, 1998. Vanzant appealed, and on December 31, 1998, the appellate court affirmed the judgment of the circuit court denying habeas relief. On August 18, 1999, the appellate court denied Vanzant's petition for rehearing. On September 28, 1999, Vanzant filed a petition for leave to appeal, which was denied by the Illinois Supreme Court on December 1, 1999.

Vanzant subsequently filed a third post-conviction petition in the Circuit Court of Cook County, which was summarily dismissed on Febriary 6, 2001. Vanzant appealed. On January 29, 2002, the Illinois Appellate Court affirmed the summary dismissal of the third post-conviction petition, and on September 9, 2002, the Illinois Supreme Court denied Vanzant's petition for leave to appeal. Vanzant filed the present habeas corpus petition on March 13, 2003.

## DISCUSSION

AEDPA establishes a one-year statute of limitations applicable to federal habeas corpus petitions filed under 28 U.S.C. § 2254. AEDPA provides that the limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA also provides for tolling of the limitations period for the time during which a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

Subsequent to the enactment of AEDPA, the Seventh Circuit recognized a one-year "grace period" for purposes of the application of § 2244(d)(1). *Lindh* v. *Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997). Thus, a habeas petition filed by a petitioner whose conviction became final before AEDPA was enacted on April 24, 1996, is not time-barred if it was filed before April 24, 1997.

Vanzant's petition alleges that his sentence is unconstitutional under the new rule of law announced by the Supreme Court in *Apprendi* v. *New Jersey*, 530 U.S. 466 (2000). Thus, he argues that § 2244(d)(1)(C) applies here and thus that the statute of limitations on his habeas petition began to run in June, 2000, when the Court decided *Apprendi*. However, § 2244(d)(1)(C) only applies here if the new rule announced in *Apprendi* is retroactively applicable to cases on collateral review. The Seventh Circuit has held that it is not. *Curtis* v. *United States*, 294 F.3d 841, 842 (7th Cir. 2002); *see also Rodriguez* v. *United States*, 286 F.3d 972, 981 (7th Cir. 2002). Thus, § 2244(d)(1)(C) is inapplicable.

Vanzant's conviction was final 21 days after his convictions and sentences were affirmed on direct appeal by the Illinois Appellate Court, since he failed to file a petition for leave to appeal to the Illinois Supreme Court. Therefore, his convictions were final by November 16, 1982, long before the enactment of AEDPA. Once AEDPA was enacted, Vanzant had one year to file a federal habeas petition. *Lindh,* 96 F.3d at 866. He failed to do so. Moreover, during the year after the enactment of AEDPA, Vanzant was not pursuing any post-conviction remedies in state court which may have served to toll the limitations period pursuant to § 2244(d)(2). Thus, his petition is time-barred.

Vanzant's contention that respondent has waived any potential timeliness challenge by failing to address the issue in response to Vanzant's state post-conviction petition is unavailing. The question of whether a state post-conviction petition is timely filed pursuant to state statutory guidelines has no bearing on whether a federal petition for a writ of habeas corpus is timely filed pursuant to AEDPA.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss is granted [#21]. Case is terminated.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: July 1, 2004